FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ZACHARY R. E. RUSK,

> Plaintiff - Appellant,

v.

STATE OF UTAH,

> Defendant - Appellee.

No. 16-4155
(D.C. No. 2:16-CV-00333-TC)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

Zachary R. E. Rusk, proceeding pro se,[1] appeals from the district court's dismissal

of his complaint against the State of Utah as barred by sovereign immunity. Exercising

_____

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Rusk is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Rusk's complaint alleged the Utah Department of Workforce Services ("DWS") engaged in "tortorous [sic] interference . . . via discrimination/retaliation" by declining to issue a customized letter he could include with his low-income housing application. App. at 6-7. It attempted to allege claims for damages under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. The district court dismissed his complaint without prejudice as barred by sovereign immunity under the Eleventh Amendment to the U.S. Constitution. We agree with the district court.

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment to bar citizens from suing states in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Levy v. Kan. Dep't of Social & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

No exception to Eleventh Amendment immunity applies here. First, the State of Utah has not consented to being sued in federal court for the type of claims Mr. Rusk brings. *See* Utah Code Ann. § 63G-7-501; *Richins v. Indus. Const., Inc.*, 502 F.2d 1051, 1055 (holding Utah's statute authorizing suits against it in state court was a "positive expression of policy against suits against Utah in United States courts"). Second,

Congress has not clearly abrogated sovereign immunity for claims like Mr. Rusk's under its Fourteenth Amendment § 5 power. *See Dellmuth v. Muth*, 491 U.S. 223, 227-28 (1989) ("Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." (quotations omitted)). Third, the *Ex parte Young* exception does not apply because Mr. Rusk has not sued state officers in their official capacities and does not request prospective relief. *See Levy*, 789 F.3d at 1169 ("[U]nder *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." (internal citation altered) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012))). Because these and no other exception apply, we agree with the district court that sovereign immunity bars Mr. Rusk's complaint against the State.

In his appellate brief, Mr. Rusk presents issues and arguments that he did not present in district court. We decline to address them here. *See Somerlott v. Cherokee Nation Distrib., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012) (declining to address an issue not presented to the district court).

We affirm. Because we affirm dismissal of Mr. Rusk's complaint without prejudice for lack of jurisdiction, we deny his motion for preservation of evidence, recognizing that such a request is more appropriately addressed to the district court,

where he can renew it upon establishing a jurisdictional basis for his complaint.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge